HACKETT *v.* BROWN.

1. DRAINS—CERTIORARI—RIGHT TO QUESTION PROCEEDINGS.
   It appearing, on *certiorari* to review a drain proceeding, that the land contract under which plaintiff claimed had been antedated to enable him to raise objections which his vendor had lost the right to make, the same were not considered by the court.

2. CERTIORARI—CONCLUSIVENESS OF RETURN.
   The return to a writ of *certiorari* is conclusive on disputed questions of fact.

3. DRAINS—SURVEY—APPLICATION FOR SPECIAL COMMISSIONERS.
   Where plaintiff acquired title to part of a tract of land after proceedings had been commenced for the construction of a drain across the same, and a survey had been made, which showed the length of the proposed drain on the land as then owned, in accordance with the statute, he could not object that a subsequent application to the probate court for the appointment of special commissioners did not show the length of the drain on his land.

4. SAME.
   An application to the probate court for the appointment of special commissioners in a drain proceeding need not be accompanied by the original minutes of the survey. 2 Comp. Laws, § 4322. Hence the fact that the minutes filed with such an application are not signed by the surveyor does not invalidate the proceedings.

5. SAME—CERTIORARI—RIGHT TO INTERVENE.
   One who claims to have purchased land on contract during the pendency of proceedings to establish a drain across the same, but who, with knowledge of such proceedings, neglected to notify the drain commissioner of his claim of ownership, or to have the question of his right to intervene determined on the hearing in the probate court, is not entitled to a review of the proceedings on *certiorari.*

Error to Saginaw; Snow, J. Submitted June 6, 1901. Decided July 19, 1901.

*Certiorari* by Eli L. Hackett to review the action of

Alonzo M. Brown, drain commissioner of Saginaw county, Newton Burns, drain commissioner of Gratiot county, and Charles J. Sparks, probate judge of Saginaw county, in the matter of establishing a drain.   From a judgment for defendants, plaintiff brings error.   Affirmed.

*G. W. Davis,* for appellant.

*F. L. Eaton,* Prosecuting Attorney (*F. E. Emerick* and *K. S. Searl,* of counsel), for appellees.

LONG, J.   In August, 1898, application was made for the construction of drain No. 137, the proceedings in laying out which are the subject of controversy here.   The cause was removed to the circuit court by *certiorari,* and comes into this court for review.   The lands traversed by the drain are situate in the counties of Saginaw and Gratiot.   In September, 1899, on the date set for the hearing for the appointment of special commissioners, Frank Lawrence and William Q. Atwood, owners of certain lands traversed by the drain, appeared before the probate court and filed certain objections.   Special commissioners were appointed, but one of their number failed to appear. Thereupon a second set was appointed and made its findings, and on November 25, 1899, the final order of determination was made and filed.   On December 11, 1899, William Q. Atwood filed a bill of complaint to set aside the appointment of the special commissioners.   A decree was entered in that case setting aside the order of appointment, and directing the drain commissioners to make a new application for special commissioners.   This was done, and a new set of special commissioners was appointed, and on April 10, 1900, the final order of determination was made by the drain commissioners.   It appears that on March 30, 1900, the plaintiff appeared in probate court and filed objections to the appointment of the special commissioners, alleging that he had never been served with citation to appear.   Certain other objections were also made by him to the proceedings.   He claimed in his application

that he was the owner of the W. ½ of the S. W. ¼ of section 28, Lakefield township, which was traversed by said proposed drain; that he had purchased these lands in May, 1899.

It appears that, when the proceedings were commenced to lay out the drain, William Q. Atwood was the owner of the land claimed to be owned by Hackett in his petition to have the proceedings set aside.   There is no question but that Atwood had notice of all the proceedings prior to that time.   Minutes of survey were made in January, 1899, and the first order of determination was made in June, 1899.   The bill was filed by Atwood in December, 1899, and new commissioners were appointed. Hackett, the petitioner here, claims to hold the land under a contract from Atwood dated in May, 1899.   On the hearing, however, he admitted that the contract was not made until September 25th or 26th, and dated back to May 26th.   It also appears that Hackett resided in Mecosta county; that he never entered into possession of the lands, and did not record his contract until February 1, 1900.   Hackett's claim to the land, therefore, did not arise until the meeting of the second set of special commissioners.   The circumstances shown are such that we are led to believe that this pretended sale of the land by Atwood to Hackett was for no other purpose than to permit Hackett to raise certain objections in the proceedings which Atwood had lost the right to make, and that the contract was not a *bona fide* one.

1. It is the claim of plaintiff that the drain proceedings are void for the reason that the drain would divert the flow of water from where it had been accustomed to run for 20 years.   It is a sufficient answer to this that the drain commissioners deny this allegation in their retnrn, which must be taken as true.

2. It is claimed that the application does not show the length of the drain on Hackett's land.   It is conceded that, as to the parcels described in the application, the statute is followed, but it is claimed that, because the commis-

sioners did not separate Hackett's land from the remainder of the Atwood land, the proceedings are void. The drain was laid out in June, 1899, and at that time Atwood was the owner of the land, and in possession of it. The minutes of the survey showed all that the statute required at the time. Hackett is now in no position to raise the question, having acquired title subsequent to that time, if he has any title at all.

3. It is claimed that the proceedings are void because the minutes of the survey accompanying the application to the probate court were not signed by the surveyor. The statute does not require the commissioner to file the original minutes of the survey in the probate court, but only a certified copy of the original application, giving the route, survey, and specifications as set forth in the first order of determination; and while the statute providing for the first order of determination requires a survey to be made, and that such order shall show the width, length, route, etc., it does not require the original survey to be attached thereto. The original survey remains in the hands of the drain commissioner.

We think, however, that the petitioner has no standing in this court. He was present at the meeting of the second set of commissioners, and knew that the drain was being constructed through these lands, and there is no showing that he ever served any notice on the drain commissioner that he owned these lands. The question was not raised in the probate court, and that court made no ruling thereon.

From a review of the whole proceedings, we are satisfied that the court below was not in error in affirming the proceedings in the probate court. The order below must be affirmed, with costs.

The other Justices concurred.